Bobby Saadian, Esq. SBN: 250377
Daniel B. Miller, Esq. SBN: 302503
WILSHIRE LAW FIRM
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel:  (213) 381-9988
Fax: (213) 381-9989

Attorneys for Plaintiff Sophano Van

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| SOPHANO VAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RASIER, LLC., a Limited Liability Company; RASIER-CA, LLC., a Limited Liability Company; and UBER TECHNOLOGIES, INC., a corporation; DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-02550<br><br>**CLASS ACTION COMPLAINT**<br><br>1. BREACH OF CONTRACT<br>2. UNJUST ENRICHMENT/RESTITUTION<br>3. FRAUD BY CONCEALMENT<br>4. VIOLATION OF THE LANHAM ACT<br>5. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. PROF. CODE § 17200 ET SEQ.<br>6. INDEPENDENT CONTRACTOR MISCLASSIFICATION AND FAILURE TO PAY WAGES |

Plaintiff Sophano Van ("Plaintiff"), by and through his counsel of record, brings this action on behalf of himself and all others similarly situated against Rasier, LLC., a Limited Liability Company ("Rasier"), Rasier-CA, LLC., a Limited Liability Company ("Rasier-CA"), and Uber Technologies, Inc., a corporation, ("Uber Technologies") (Rasier, Rasier-LLC, and Uber are sometimes collectively referenced as "Uber Defendants" for ease of reading when the allegations implicate both entities), and alleges the following on information and belief, except as to those allegations specific to Plaintiff, as follows:

**I.     NATURE OF THE ACTION**

1.      This case represents a shocking example of an active, extensive, methodical scheme implemented worldwide specifically to defraud drivers.

2.      This fraudulent scheme negatively impacted not only drivers like Plaintiff Sophano Van, and thousands of individual Class members nationwide, but even end users authorized by the Uber Defendants to use the Uber mobile application for the purpose of obtaining Transportation Services offered by Uber drivers ("Users").

3.      Specifically, the Uber Defendants deliberately manipulated the navigation data used in determining the fare amount paid by its users and the amount reported and paid to its drivers.

4.      The Uber Defendants' actions in this case injured Plaintiff, the Class, and the users in far-reaching ways, but as to the Class and this Complaint, certain of the resulting injuries are common and quantifiable.

**II.    THE PARTIES**

5.      Plaintiff Sophano Van is a California citizen residing in Los Angeles, California where Plaintiff works as an Uber driver.

6.      Plaintiff brings this action on his own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as Uber Black, Uber Pool, Uber SUV, or UberX drivers in California.

7.      Defendant Rasier, LLC. is a Limited Liability Company headquartered in San Francisco, California.

8.      Defendant Rasier-CA, LLC. is a Limited Liability Company headquartered in San Francisco, California.

9.      Defendant Uber Technologies, Inc. is a corporation headquartered in San Francisco, California. Defendant Uber Technologies is the parent company of Defendants Rasier and Rasier-CA.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

10.    The Uber Defendants provide car service in cities throughout the country via an on demand dispatch system that enables users to hail a car service driver using a mobile phone through the User application, and which enables transportation providers to accept and fulfill such on-demand requests for transportation services by Users seeking transportation services through the use of a driver's application (collectively "Uber Software").

11.    At all relevant times, including during the Class Period,  the Uber Defendants and/or their agents distributed, implemented, warranted, disseminated, permitted, licensed, or otherwise caused the Uber Software to be used by drivers and Users.

12.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained.  Plaintiff is informed and believe and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences and discriminatory acts alleged herein, and that Plaintiff's damages alleged herein were proximately caused by these Defendants.  When used herein, the term "Defendants" is inclusive of DOES 1 through 50.

13.    Plaintiff is informed and believes and thereon alleges that at all relevant times herein, each of the Defendants, including the Defendants sued herein as Does 1 through 50, were the agents, employees, and/or joint venturers of, or working in concert with the other Defendants, and were acting within the course and scope of such agency, employment, joint venture and/or concerted activity.  To the extent that said conduct and omissions were perpetrated by Defendants and their agents, Defendants confirmed and ratified said conduct and omissions.

14.    At all relevant times, including during the Class Period, each Defendant, including Does 1 through 50, acted as an agent, servant, employee, or joint venturer of the other Defendants, and in doing the things alleged acted within the course of

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

1   such agency, employment, and/or in furtherance of the joint venture to accomplish the

2   scheme. Each of the Defendants' acts alleged herein was done with the permission

3   and consent of the other Defendant. While each of the Defendants are separate legal

4   entities, each Defendant works together under a common identity as portrayed to the

5   public and there is a sufficient unity of interest and control between each Defendant

6   such that the acts of one are for the benefit and can be imputed to the acts of the

7   other.

8       15.     Whenever and wherever reference is made in this Complaint to any act

9   by a Defendant or Defendants, such allegations and reference shall also be deemed

10  to mean the acts and failures to act of each Defendant acting individually, jointly, and

11  severally.

12      16.     At all relevant times, including during the Class Period, the Uber

13  Defendants represented to drivers that (a) the Uber Defendants were appointed as a

14  limited payment collection agent for the driver, (b) that payment made by a user to the

15  Uber Defendants or one of their subsidiaries would be considered the same as

16  payment made directly by the User to the driver, and (c) that the service fee for the

17  use of the Uber Software by a driver is a percentage of the total fare varying between

18  20% and 25% based on delineated factors.

19      17.     Plaintiff trusted in, believed, and relied on the above representations in

20  providing transportation services, and at the time of performing such services, Plaintiff

21  did not know, and had no reason to suspect, that any of the statements relied upon in

22  deciding to provide such services were false or untrue in any way.

23      18.     Although many are classified as independent contractors, Uber drivers

24  are employees. They are required to follow a litany of detailed requirements imposed

25  on them by Uber and they are graded, and are subject to termination, based on their

26  failure to adhere to these requirements (such as rules regarding their conduct with

27  customers, the cleanliness of their vehicles, their timeliness in picking up customers

28  and taking them to their destination, what they are allowed to say to customers, etc.).

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

19.     In addition, the Uber Defendants are in the business of providing car service to customers, and that is the service that Uber drivers provide. The drivers' services are fully integrated into the Uber Defendants' business, and without the drivers, the Uber Defendants' business would not exist.

## III.    JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since Defendants are California citizens and, upon the original filing of this complaint, members of the putative Plaintiff class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

21.     The Court also has personal jurisdiction over the Parties because Plaintiff is a citizen of and resides in this State, because the Uber Defendants have their primary place of business in this State, and because the Uber Defendants have conducted and continue to conduct substantial business in California.

22.     Venue is appropriate because, among other things: (a) Plaintiff is a resident and citizen of this District; (b) the Uber Defendants aimed its activities at residents in this District; (b) the acts and omissions that give rise to this Action took place in this judicial district; and (c) most if not all of the named parties reside and/or have their primary places of business in this judicial district.

23.     Venue is further appropriate pursuant to 28 U.S.C. § 1391 because the Uber Defendants conduct a large amount of their business in this District, have relationships with numerous drivers in this District, and the acts complained of occurred within this District. Venue is also proper in this Court because the Uber Defendants caused harm to large numbers of Class Members residing in this District.

///

///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

**IV.    SUBSTANTIVE ALLEGATIONS**

*A. The Uber Defendants' Representations to Drivers*

24.    In or around December 2015, the Uber Defendants presented drivers with a "Technology Services Agreement" which drivers were required to accept, electronically with the swipe of a button, in order to continue accessing the Uber Software.

25.    Under the "Technology Services Agreement," the Uber Defendants made the following representations to drivers that:

    i.  The provision of transportation services to Users resulted in a direct business relationship between drivers and the Users;

    ii.  Drivers are the ones charging a fare for each instance of completed transportation services provided to a User through the Uber Software;

    iii.  The Uber Defendants are acting as the driver's limited payment collection agent solely for the purposes of accepting the fare, applicable tolls, and applicable taxes and fees from the User on the driver's behalf via the payment process functionality facilitated by the Uber Software;

    iv.  Payment by a User to the Uber Defendants (or to an affiliate of the Uber Defendants acting as an agent for the Uber Defendants) will be considered the same as payment directly to the driver; and

    v.  In exchange for use of the Uber Software, drivers will be charged a service fee on a per transportation basis calculated as a percentage of the determined fare.

*B. Implementation of an "Upfront" Pricing Model*

26.    In or around June to September 2016, the Uber Defendants implemented a system termed "upfront" pricing which calculates a User's total fare before an Uber driver commences providing services to the User. At all relevant times,

including during the Class Period, the Uber Defendants represented to both Users and drivers that the amount identified in the upfront pricing was the substantive equivalent of the "fare" and that the amount was determined based upon a base fare plus a per-mile and per-minute charge for the estimated distance and time of the travel period, respectively.

27.     In the overwhelming majority of transportations, the upfront price is the amount that a User is ultimately charged for the transportation services by the driver.

28.     When a driver accepts a User's request for transportation, the User's final destination is populated into the driver's application and the driver is provided with navigation instructions directing him or her to the best route to the User's destination.

29.     However, the software that calculates the upfront price that is displayed and charged to the Users calculates the expected distance and time utilizing a route that is often longer in both distance and time to the one displayed in the driver's application.

30.     Based on information and belief, the Uber Defendants have intentionally designed the Uber Software, particularly the software that calculates the upfront price, to utilize a longer route than the one provided in the driver's application, for the purposes of creating the aforementioned discrepancy.

31.     Upon conclusion of the transportation, the Uber Defendants collect the upfront rate from the User based on the longer route and time calculations but do not transmit the full fare collected to the drivers (minus the per transport service fee to which the Uber Defendants are entitled). Instead, the Uber Defendants often transmit or provide the driver with a fee based on a reduced fare amount. The Uber Defendants retain the difference in the fare charged to the User and the fare reported to the driver, in addition to the service fee and booking fee disclosed to drivers.

32.     The manipulation of prices between the amount charged to Users and the amount reported to drivers is clever and sophisticated. The software utilized in

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

determining the upfront price is specifically designed to provide a route distance and time estimate based on traffic conditions and other variables but not to determine the shortest/quickest reasonable route based on those conditions. Meanwhile, the software utilized in the driver's application, which navigates the driver's to the User's destination, utilizes traffic conditions and other variables to provide the driver with a more efficient, shorter, or quicker route to the User's destination, resulting in a lower fare payout to the driver.

33.     Based on the design of the above-described software systems implemented by the Uber Defendants, it is beyond dispute that the Uber Defendants knew its software would result in a disparity between the fares charged to Users and the amounts reported and paid to drivers.

### C. Individuals Like Plaintiff and the Class Were Harmed As a Result of the Uber Defendants' Actions

34.     Individuals, including Plaintiff and the Class Members, have not received the total fares collected from Users, minus the Uber Defendants' service and booking fees.  These individuals, including specifically Plaintiff, performed the transportation services based on the representation from Defendants that they were receiving the full fare, minus the Defendants' service and booking fees.

35.     Further, as employees of the Uber Defendants, the failure to pay the Plaintiff and the Class Members the full fare collected, minus a booking fee and contractual percentage, constitutes a failure to pay the Plaintiff wages within the meaning of Labor Code Section 200. Pursuant to California Law, all wages to which an individual is entitled must be paid at least twice per month, unless an exception applies.

36.     Had Plaintiff and the Class known the truth about the Uber Defendants' deception, they would never have engaged in the transportation or would have demanded that their compensation be based on the higher fare.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

37.     The Uber Defendants' deception was such that Plaintiff and Class Members had no way of knowing that the alleged upfront price was based on a route that was substantively different than the route provided to the Uber drivers.  It is clear that the Uber Defendants' deception was a purposeful, well-planned scheme to deceive drivers and users, including Plaintiff and Class Members.

38.     Further, the Uber Defendants' concealment was knowing, intentional and active throughout at least 2016 time period.  The Uber Defendants intentionally covered up and failed to disclose that the upfront pricing software and driver navigation were designed to create discrepancies.

39.     The Uber Defendants' deceit was active, knowing, and affirmative - concealing both the fact that the upfront pricing utilizes a longer route than the one provided to drivers and that there was a fare discrepancy as a result of the different routes utilized.

## V.     CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action on his own behalf and, pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(2), and (b)(3), on behalf of all Uber drivers including all UberPool, UberX, Uber Select Drivers, Uber Black, and Uber SUV drivers who have worked for Uber in California.

41.     This action is properly maintained as a class action because Plaintiff can prove the elements of each claim on a class-wide basis, using the same evidence that Plaintiff would use to maintain and prove an individual action. Thus, the action may be properly maintained on behalf of the proposed Class pursuant to Fed. R. Civ. Proc. Rule 23.

42.     Plaintiff and other class members have uniformly been deprived of compensation and/or wages.

43.     The Class is so numerous that joinder of all members would be impracticable. The precise number of Class Members is unknown at this time.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

However, based on information and belief, the Class is made up of tens of thousands of members.

44.     Questions of law and fact common to the Members of the Class predominate over any questions affecting any individual member, and a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

45.     Common questions of law and fact regarding Uber's conduct of artificially creating price discrepancies in the fare charged to users and the fare reported and paid to drivers include, but are not limited to:

  i.   Whether there is a price discrepancy between the upfront price charged to Users and the amount reported as the total fare to drivers;

  ii.  Whether the Uber Defendants have intentionally utilized software to increase the route length and/or expected time that is used in calculating the upfront fare;

  iii. Whether the Uber Defendants have intentionally utilized a different piece of software when providing navigation services to drivers through the driver's application;

  iv.  Whether the Uber Defendants have improperly retained the difference between the fare paid by Users and the fare reported to the drivers;

  v.   Whether the Uber Defendants had an obligation not to retain more than the specified service fee percentage and booking fee for any fares collected by the Uber Defendants;

  vi.  Whether the Uber Defendants acted willfully and purposefully in establishing the aforementioned pricing and payment systems; and

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

vii.   Whether the price discrepancy between the fare charged to Users and the fare reported and paid to drivers is based on a willful and intentional scheme to defraud drivers.

46.   Common questions of law and fact regarding members who have been misclassified as independent contractors and therefore improperly denied wages include, but are not limited to:

i.   Whether class members have been required to follow uniform procedures and policies regarding their work for Uber;

ii.   Whether the work performed by class members – providing car service to customers – is within the Uber Defendants' usual course of business, and whether such service is fully integrated into Uber's business;

iii.   The percentage of the fare these members are entitled to receive as wages for their labor or services;

iv.   Whether compensation owed to these members as wages has not been paid as required by California law;

v.   Whether the failure to pay wages to these members was based on a willful and intentional scheme to defraud drivers and avoid paying wages;

47.   Plaintiff is an adequate Class Representative because Plainttiff is committed to prosecuting the action and has retained competent counsel willing to engage in litigation of this nature. Plaintiff's claims are typical of the claims of other members of the Class and Plaintiff has the same non-conflicting interests as the other Members of the Class. The interests of the Class would be fairly and adequately represented by Plaintiff and his counsel.

48.   Class treatment is superior to any other available means of obtaining fair and efficient adjudication of this controversy. There are no unusual difficulties that are likely to arise in the management of this action. The damages and other financial

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

detriment suffered by Plaintiff and Class Members is small compared to the burden and expense of prosecuting each action individually. Thus, it would be impracticable for Plaintiff and Class Members to bring individual actions against the Uber Defendants for their wrongful and illegal conduct. Further, class treatment benefits the courts. Individualized litigation promises inconsistent or contradictory judgments, unnecessary overlap of resources, and increases the delay and expense to all those accessing the courts. Class treatment brings with it the benefit of a single adjudication, the supervision of a single court, and the consolidation of the courts' and the parties' resources.

49.     The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for the Uber Defendants or which would, as a practical matter, be dispositive of the interests of the other Members not parties to the adjudication or substantially impair or impede their ability to protect their interests.  The Uber Defendants have acted, or refused to act, on grounds generally applicable to, and causing injury to, the Class. Therefore, preliminary and final injunctive relief and damages for the Uber Defendants' illegal conduct is appropriate.

50.     The prosecution of this action as a Class is further appropriate as a protected form of collective action pursuant to the National Labor Relations Act ("NLRA").

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### *Breach of Contract*

### (On Behalf of Plaintiff and the Class)

51.     Plaintiff incorporates allegations 1 through 50 by reference as though fully set forth in this paragraph.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

52.     The Uber Defendants and Plaintiff and the other Class Members had a contractual agreement regarding the collection, receipt, and payment to drivers of the fares paid by Users for the driver's transportation services.

53.     The Uber Defendants agreed that they would collect and pay to the Plaintiff the fare by the User, minus a contractual service fee and booking fee.

54.     As a result of the misrepresentations and omissions alleged herein, including the Uber Defendants' failure to remit payment to the Plaintiff and other Class members of the full amount of the fare (after deducting the contractual service fee percentage and booking fee), there has been a violation or breach of the agreement between Plaintiff and the Uber Defendants. Accordingly, Plaintiff and the other Class members have been underpaid for their services and did not receive the benefit of their bargain.

55.     Plaintiff and other Class members performed all of their obligations under the agreement.

56.     As a result of Defendants' failure to remit payment to the Plaintiff and other Class members as required by the agreement, the Plaintiff and other class members have suffered damages for the loss of compensation they are entitled to under the agreement.

57.     Wherefore, Plaintiff and the Class pray for relief as set forth below.


## SECOND CAUSE OF ACTION

### *Unjust Enrichment/Restitution*

### (On Behalf of Plaintiff and the Class)

58.     Plaintiff incorporates allegations 1 through 57 by reference as though fully set forth in this paragraph.

59.     Defendants have been unjustly enriched through their wrongful retention of a portion of the fare in excess of the contractual service fee and booking fee.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

Defendants have retained for their own use and benefit the difference between the amounts paid by Users and the amounts reported to Defendants as the total fare.

60.     Plaintiff and the class suffered loss as a result of Defendants' wrongful retention of the difference between the fare paid by Users and the fare reported to Defendants.

61.     Plaintiff and the Class are entitled to restitution for their full share of the fare paid by Users of the Uber software for transportation provided by Plaintiff and the Class.

## THIRD CAUSE OF ACTION

### *Fraud by Concealment*

### (On Behalf of Plaintiff and the Class)

62.     Plaintiff incorporates allegations 1 through 61 by reference as though fully set forth in this paragraph.

63.     The Uber Defendants intentionally concealed material facts concerning the amounts charged to Users as the full fare for the transportation services provided by Plaintiff and other members of the class. As alleged in this complaint, in or around June to September 2016, the Uber Defendants implemented a system termed "upfront" pricing which calculates a User's total fare before an Uber driver commences providing services to the User.

64.     At all relevant times, including during the Class Period, the Uber Defendants represented to both Users and drivers that the amount identified in the upfront pricing was the substantive equivalent of the "fare" and that the amount was determined based upon a base fare plus a per-mile and per-minute charge for the estimated distance and estimated time of travel, respectively.

65.     In the overwhelming majority of transportations, the upfront price is the amount that a User is ultimately charged for the transportation services by the driver.

66.     When a driver accepts a User's request for transportation, the User's final destination is populated into the driver's application and the driver is provided

with navigation instructions directing him or her to the best route to the User's destination.

67.     However, the software that calculates the upfront price that is displayed and charged to the Users calculates the expected distance and time utilizing a route that is often longer in both distance and time to the one displayed in the driver's application.

68.     Based on information and belief, the Uber Defendants have intentionally designed the Uber Software, particularly the software that calculates the upfront price, to utilize a longer route than the one provided in the driver's application, for the purposes of creating the aforementioned discrepancy.

69.     Upon conclusion of the transportation, the Uber Defendants collect the upfront rate from the User based on the longer route and time calculations but do not transmit the full fare collected to the drivers (minus the per transport service fee to which the Uber Defendants are entitled). Instead, the Uber Defendants often transmit or provide the driver with a fee based on a reduced fare amount. The Uber Defendants retain the difference in the fare charged to the User and the fare reported to the driver, in addition to the service fee and booking fee disclosed to drivers.

70.     The manipulation of prices between the amount charged to Users and the amount reported to drivers is clever and sophisticated. The software utilized in determining the upfront price is specifically designed to provide a route distance and time estimate based on traffic conditions and other variables but not to determine the shortest/quickest reasonable route based on those conditions. Meanwhile, the software utilized in the driver's application, which navigates the driver's to the User's destination, utilizes traffic conditions and other variables to provide the driver with a more efficient, shorter, or quicker route to the User's destination, resulting in a lower fare payout to the driver.

71.     Based on the design of the above-described software systems implemented by the Uber Defendants, it is beyond dispute that the Uber Defendants

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1  knew its software would result in a disparity between the fares charged to Users and

2  the amounts reported and paid to drivers.

3      72.    Individuals, including Plaintiff and the Class Members, have not received

4  the total fares collected from Users, minus the Uber Defendants' service and booking

5  fees.  These individuals, including specifically Plaintiff, performed the transportation

6  services based on the representation from Defendants that they were receiving the full

7  fare, minus the Defendants' service and booking fees.

8      73.    The Uber Defendants' misrepresentations were material to Plaintiff,

9  Class Members and the consuming public. Plaintiff and Class Members considered

10  the amounts retained by the Uber Defendants in undertaking the transportation of

11  Users and the representation that drivers would retain 75% to 80% of the fare played

12  a significant role in the decision of Plaintiff and Class Members to transport Users.

13  Had Plaintiff and Class Members known of the Uber Defendants' deception, they

14  would have not transported customers using the Uber Software or would have

15  demanded payment calculated on the full fare amount as contemplated by the

16  agreement.

17      74.    The Uber Defendants knew that Plaintiff, Class Members and the

18  consuming public would rely on the Uber Defendants' representations in using the

19  Uber Software.

20      75.    Plaintiff and Class Members reasonably relied upon the Uber

21  Defendants' false representations as the information provided to the public indicated

22  that the full fare obtained by the Uber Defendants belonged to the drivers, minus the

23  contractual service fee percentage and booking fee. At no time was it disclosed to

24  Plaintiff and Class Members that there was a discrepancy between the fares obtained

25  from Users on behalf of the drivers and all parties were affirmatively led to believe that

26  the upfront pricing was consistent with the route and estimated time provided to the

27  drivers.

28

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

16

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

76.     Had Plaintiff and the Class known the truth about the Uber Defendants' deception, they would never have engaged in the transportation or would have demanded that their compensation be paid according to the higher fare.

77.     The Uber Defendants' deception was such that Plaintiff and Class Members had no way of knowing that the alleged upfront price was based on a route that was substantively different than the route provided to the Uber drivers.  It is clear that the Uber Defendants' deception was a purposeful, well-planned scheme to deceive drivers and users, including Plaintiff and Class Members.

78.     Further, the Uber Defendants' concealment was knowing, intentional and active throughout at least the 2016 time period.  The Uber Defendants intentionally covered up and failed to disclose that the upfront pricing software and driver navigation were designed to create discrepancies.

79.     The Uber Defendants had a duty to disclose the implementation and effect of the upfront fare paid by Users and the discrepancies resulting from such discrepancies because knowledge of the scheme and its details were only known by the Uber Defendants. The Uber Defendants exclusively held knowledge and information regarding its deceptive scheme.

80.     The Uber Defendants' duty to disclose this material information to Plaintiff and Class Members further arises because, as part of its business, the Uber Defendants made general affirmative representations about that the full fare charged under their pricing model belonged to the drivers, minus the contractual fees, that the Uber Defendants were merely collecting the payment on behalf of the drivers, and that a direct business relationship existed between the User and the driver. This representation is incomplete, misleading and deceptive without also disclosing the pricing scheme identified herein. The Uber Defendants, having provided information with regard to the calculation of fares, had a duty to disclose to Plaintiff and Class Members all facts regarding the true nature of the pricing system, not only selective and convenient information.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

81.     The Uber Defendants' deceit was active, knowing, and affirmative - concealing both the fact that the upfront pricing utilizes a longer route than the one provided to drivers and that there was a fare discrepancy as a result of the different routes utilized.

82.     The Uber Defendants' acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and Class Members' rights. The Uber Defendants' fraudulent and deceptive acts warrant an award of punitive damages in an amount sufficient to deter such unscrupulous conduct in the future.

83.     Further, the Uber Defendants are liable to Plaintiff and Class Members for damages in an amount to be proven at trial.

84.     Wherefore, Plaintiff and the Class pray for relief as set forth below.

### FOURTH CAUSE OF ACTION

### *Violation of the Lanham Act*

### (On Behalf of Plaintiff and the Class)

85.     Plaintiff incorporates allegations 1 through 84 by reference as though fully set forth in this paragraph.

86.     The Uber Defendants made false or misleading statements of fact in commercial advertisements to Plaintiff and Class Members to induce Plaintiff and Class Members to provide transportation services utilizing Uber Software. As set forth herein, the statements were false or misleading.

87.     The statements deceived Plaintiff and others in the Class. The deception was material and influenced purchasing decisions that Plaintiff and the Class, made.

88.     The Uber Defendants' false and misleading advertising statements and omissions violated the Lanham Act, 15 U.S.C. § 1125(a).

89.     The Uber Defendants do business in all states and districts of the United States in interstate commerce.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

90.     Plaintiff and the Class have been injured as a result of the false or misleading statements.

91.     The Lanham Act, 15 U.S.C. § 1117 entitles Plaintiff and the Class Members to recover from the Uber Defendants damages, gains, profits, and advantages, as well as costs in this action, sustained as a result of these violations and those damages, gains, profits, and advantages, as well as costs in this action, are not fully ascertainable at this time because of the Uber Defendants' deceptive actions and the results on certain elements of those damages, gains, profits, and advantages, as well as costs in this action.

92.     Wherefore, Plaintiff and the Class pray for relief as set forth below.

### FIFTH CAUSE OF ACTION

*Unfair Competition in Violation of California Business and Professions Code §§ 17200 et seq.*

**(On Behalf of Plaintiff and the Class)**

93.     Plaintiff incorporates allegations 1 through 92 by reference as though fully set forth in this paragraph.

94.     California Business and Professions Code § 17200 et seq. ("the UCL") prohibits unfair competition, including but not limited to any unlawful, unfair or fraudulent business practices.

95.     California's Business and Professions Code § 17200 et seq further provides statutory remedies for any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

96.     Business and Professions Code §§ 17200 et seq provide that injunctive relief may be granted to prevent, remedy, or otherwise prevent further unfair competition within the meaning of the act.

97.     Business and Professions Code §§ 17200 et seq further provide that a civil penalty may be assessed for each violation constituting unfair competition within the meaning of the act.

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

98.    As set forth in this complaint, the Uber Defendants have engaged in unfair, deceptive, and fraudulent business acts by intentionally manipulating the fares charged to Users and the amount reported to drivers as the total fare to artificially create a material discrepancy between the two numbers and to permit the Uber Defendants to improperly syphon off a portion of the fare in excess of their permitted fees, for their own benefit.

99.    The unlawful, unfair, and fraudulent business practices by Defendants, as described above, present a continuing threat to the public in that individuals throughout California have suffered and continue to suffer an injury in fact and lost money as a result of Defendants' unlawful, unfair, and fraudulent acts or practices. In addition, Defendants have been unjustly enriched as a result of their conduct. Plaintiff and Class Members are members of the general public and have no other adequate remedy of law in that absent equitable relief from the court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest, thus engendering a multiplicity of judicial proceedings.

100.    As a direct, legal, and proximate result of the above described actions by Defendants, inclusive and each of them, Plaintiff and Class Members have suffered special and general damages in a sum in excess of the jurisdictional limit of this Court, the exact amount of which is not yet known, which amount will be proved at the time of trial.

101.    Plaintiff and Class Members are entitled to restitution of monies due to them during the relevant time period as a result of said Defendants' unlawful, unfair, and fraudulent conduct, and to injunctive relief.

102.    Further, injunctive relief is necessary and appropriate to prevent Defendants from repeating the wrongful business practices alleged herein.

103.    Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sue on behalf of the public as well as themselves.  Plaintiff seeks and is entitled to money owed and unpaid, an injunction,

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

an equitable accounting, and all other equitable relief required to remedy Defendants' failure to pay the required money.

104.   Wherefore, Plaintiff and the Class pray for relief as set forth below.

## SIXTH CAUSE OF ACTION

### *Independent Contractor Misclassification and Failure to Pay Wages.*

### (On Behalf of Plaintiff and the Class)

105.   Plaintiff incorporates allegations 1 through 104 by reference as though fully set forth in this paragraph.

106.   Defendants have misclassified Plaintiff and Class Members as independent contractors when they are employees.

107.   Among other things, the Uber Defendants require drivers to follow a litany of detailed requirements and grade the drivers based on such requirements. Further, drivers are subject to termination based on their failure to adhere to these requirements (such as rules regarding their conduct with customers, the cleanliness of their vehicles, their timeliness in picking up customers and taking them to their destination, what they are allowed to say to customers, etc.)

108.   The California Labor Code defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

109.   The full fare charged to Users, minus the contractual fees payable to the Uber Defendants, constitutes the wages to which Plaintiff and Class Members are entitled under their employment with the Uber Defendants.

110.    The California Labor Code requires the prompt payment of all earned wages. In failing to pay the Plaintiff and Class Members the full amount of their wages, as defined in this section, promptly, Defendants have violated California Labor Code § 204 among other statutory grounds.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

111.   Accordingly, as a direct, legal and proximate result of Defendants' improper conduct, Plaintiff and Class Members have been harmed and are entitled to recover from Defendants the unpaid wages, plus interest on that amount, liquidated damages, penalties, reasonable attorneys' fees, and costs of this suit.

112.   Wherefore, Plaintiff and the Class pray for relief as set forth below.

***Additional Allegations Regarding Plaintiff's Anticipated Cause of Action Under***
***The Private Attorneys General Act Of 2004***

**(On Behalf of Plaintiff and the Class)**

113.   Pursuant to the Labor Code, California law and applicable Wage Order, Plaintiff is entitled to various "civil penalties," where appropriate and to the extent permitted by law and Labor Code §§ 2698 and 2699 et seq. ("PAGA").

114.   As set forth in the preceding sections, Defendants committed violations of the California Labor Code against Plaintiff and Class Members employed by Defendants, including but not limited to violating Labor Code § 204 by failing to timely pay Plaintiff and Class Members all wages earned.

115.   Plaintiff, as an aggrieved party, are in the process of notifying California's Labor and Workforce Development Agency ("L.W.D.A.") of Defendants' Labor Code and other violations as alleged herein with intent to seek all civil penalties under P.A.G.A.  Upon receipt of the L.W.D.A.'S decision regarding its intent to investigate the Labor Code and other violations alleged herein, Plaintiff shall amend this complaint as a matter of right, pursuant to Labor Code § 2699.3(a)(2)(C), and sue under PAGA to collect the civil penalties authorized therein if so permitted by the L.W.D.A. to seek the civil penalties.

///
///
///
///

**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12ᵗʰ Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**VII.    PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of Members of the Class, respectfully requests that the Court enter judgment in their favor and against the Uber Defendants, as follows:

A.    Certification of the proposed Class, including appointment of Plaintiff's counsel as Class Counsel pursuant to Fed. R. Civ. P. Rule 23;

B.    An order temporarily and permanently enjoining the Uber Defendants from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C.    Costs, restitution, damages, including punitive damages, and disgorgement in an amount to be determined at trial;

D.    An order requiring the Uber Defendants to pay both pre- and post-judgment interest on any amounts awarded;

E.    An award of costs and attorneys' fees;

F.    Damages and other monetary amounts stated in each count above; and

G.    Any other relief the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, and all others similarly situated, hereby demand a jury trial for all claims so triable.

Dated: April 2, 2017

**WILSHIRE LAW FIRM**

Attorneys for Plaintiff

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL