1  MORGAN, LEWIS & BOCKIUS LLP
2  Molly M. Lane (Bar No. 181232)
   molly.lane@morganlewis.com
3  One Market, Spear Street Tower
   San Francisco, CA  94105
4  Tel:   +1.415.442.1000
   Fax:   +1.415.442.1001
5
   MORGAN, LEWIS & BOCKIUS LLP
6  Jason S. Mills (Bar No. 225126)
   jason.mills@morganlewis.com
7  Joseph V. Marra III (Bar No. 238181)
   joseph.marra@morganlewis.com
8  Nicholas E. Frontera (Bar No. 307479)
   nicholas.frontera@morganlewis.com
9  300 South Grand Avenue
   Twenty-Second Floor
10 Los Angeles, CA  90071-3132
   Tel:   +1.213.612.2500
11 Fax:   +1.213.612.2501
12
   Attorneys for Defendants
13 RASIER, LLC, RASIER-CA, LLC and UBER
   TECHNOLOGIES, INC.
14
15              UNITED STATES DISTRICT COURT
16            CENTRAL DISTRICT OF CALIFORNIA
17 | SOPHANO VAN, individually and on | Case No. 2:17-cv-02550-DMG-JEM
   | behalf of all others similarly situated, |
18 |                                  | **DEFENDANTS' NOTICE OF**
   |              Plaintiff,           | **MOTION AND MOTION TO STAY**
19 |                                  | **SECOND AMENDED CLASS**
   |                                  | **ACTION COMPLAINT**
20 |              vs.                 |
   |                                  | [Filed Concurrently with Supporting
21 | RASIER, LLC, a Limited Liability | Request for Judicial Notice; Frontera
   | Company; RASIER-CA, LLC., a      | Declaration; [Proposed] Orders;
22 | Limited Liability Company; and UBER | Defendants' Motion to Dismiss Second
   | TECHNOLOGIES, INC., a            | Amended Complaint and Supporting
23 | corporation; DOES 1 through 50,  | Documents Thereto]
   | inclusive,                       |
24 |                                  | Date:      December 1, 2017
   |              Defendants.         | Time:      9:30 a.m.
25 |                                  | Judge:     Hon. Dolly M. Gee
   |                                  | Place:     Courtroom 8C
26 |                                  |
27 |                                  | Complaint Filed:  April 3, 2017
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
                              DEFENDANTS' NOTICE OF
                     MOTION AND MOTION TO STAY

## NOTICE OF MOTION AND MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on December 1, 2017 at 9:30 a.m., or as soon thereafter as this matter may be heard before the Honorable Dolly M. Gee, U.S. District Court Judge, in the above-entitled Court, located at 350 West 1st Street, Courtroom 8C, Los Angeles, California, 90012, Defendants Rasier, LLC ("Rasier"), Rasier-CA, LLC ("Rasier-CA"), and Uber Technologies, Inc. ("Uber Technologies,") (collectively with Rasier and Rasier-CA, "Defendants" or "Uber"), will and hereby do move this Court for an order staying this case filed by Plaintiff Sophano Van, on behalf of himself and others similarly situated ("Plaintiff").

Pursuant to the first-to-file rule and the *Colorado River* abstention doctrine, the Court should stay adjudication of all of Plaintiff's claims because substantially similar issues presented by those claims, involving the same parties, are being litigated in other state and federal courts.

Pursuant to Local Civil Rule 7-3, Defendants' counsel contacted Plaintiff's counsel to meet and confer regarding the arguments made in this Motion. Plaintiff's counsel did not respond to Defendants' counsels' multiple e-mails and calls, which were made on September 7, 8, and 12, until September 14th.  On September 14, 2017, Plaintiff's counsel notified Defendants' counsel that no further meet and confer was necessary given that the parties discussed many of the issues raised in the motion in a prior meet and confer that took place on August 9, and which led to the filing of the Second Amended Complaint, which did not make substantive revisions to the flaws discussed in the meet and confer.  Thus, Defendants have substantially complied with Rule 7-3.

The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and Declaration of Nicholas Frontera In Support of Motion to Stay (and accompanying exhibits) filed concurrently herewith, as well as the Complaint, oral argument of counsel, and such arguments

and authorities as may be presented at or before the hearing.

Dated:  September 14, 2017

MORGAN, LEWIS & BOCKIUS LLP
Molly M. Lane
Jason S. Mills
Joseph V. Marra III
Nicholas E. Frontera


By  /s/ Nicholas E. Frontera
_____

Attorneys for Defendant
RASIER, LLC, RASIER-CA, LLC and
UBER TECHNOLOGIES, INC.

DEFENDANTS' NOTICE OF
MOTION AND MOTION TO STAY

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION .................................................................................... 1

II.  PLAINTIFF'S ALLEGATIONS ............................................................. 2

    A.  The Parties .................................................................................... 2

    B.  The Technology Services Agreement ........................................... 2

    C.  The Upfront Price Model .............................................................. 3

    D.  Plaintiff's Claims ......................................................................... 4

    E.  The Related Cases ........................................................................ 5

        1.  The First-Filed Upfront Pricing Suit ................................. 5

        2.  O'Connor, Price, Del Rio and the Many Misclassification
            Suits ................................................................................... 5

III.  ARGUMENT ......................................................................................... 7

    A.  The Court Should Stay Plaintiff's Claims Based On Dulberg ............ 7

        1.  The Dulberg Nationwide Class Action Completely
            Subsumes Plaintiff's Claims Asserted On Behalf of a
            California Class of Drivers. ................................................ 8

        2.  The Claims in Dulberg Are Substantially Similar to the
            Claims Alleged Here. ........................................................ 9

    B.  Under the First-to-File Rule, the Court Should Stay the Labor
        Code Claim and PAGA allegations Based On O'Connor and Del
        Rio ............................................................................................... 10

    C.  Under the Colorado River Abstention Doctrine, the Court
        Should Stay the Labor Code Claims and PAGA Allegations ........... 11

        1.  Staying the Case Will Help Avoid Unnecessary
            Duplicative, Piecemeal Litigation ................................... 12

        2.  The Price Court and Others Obtained Jurisdiction First
            and Have Progressed Further. ........................................... 13

        3.  The State Courts Can Interpret the State Law Issue and
            Protect the Litigants' Rights ............................................. 13

        4.  All Issues Presented By Plaintiff's Complaint Can Be
            Addressed in Dulberg, O'Connor, Del Rio, and the State
            Court Actions .................................................................... 14

IV.  CONCLUSION ..................................................................................... 14

i

DEFENDANTS' NOTICE OF
MOTION AND MOTION TO STAY

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Adoma v. Univ. of Phoenix, Inc.*
  711 F. Supp. 2d 1142 (E.D. Cal. 2010) ................................................................ 8

*Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*
  843 F.2d 1253 (9th Cir. 1988) ......................................................................... 12

*Inherent.com v. Martindale-Hubbell*
  420 F. Supp. 2d 1093 (N.D. Cal. 2006) ............................................................ 9

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*
  544 F. Supp. 2d 949 (N.D. Cal. 2008) ............................................................. 9

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*
  787 F.3d 1237 (9th Cir. 2015) ............................................................... 1, 2, 7, 9

*Krieger v. Atheros Commc'ns, Inc.*
  776 F. Supp. 2d 1053 (N.D. Cal. 2011) ....................................................... 12, 13

*Montanore Minerals Corp. v. Bakie*
  No. 15-35707, 2017 WL 3497455 (9th Cir. Aug. 16, 2017) ........................ 12, 13

*O'Connor v. Uber Techs., Inc.*
  311 F.R.D. 547 (N.D. Cal. 2015) ................................................................... 11

*Pacesetter Sys., Inc. v. Medtronic, Inc.*
  678 F.2d 93 (9th Cir. 1982) ............................................................................ 7

*Parrino v. FHP, Inc.*
  146 F.3d 699 (9th Cir. 1998) ......................................................................... 2

*Prime Healthcare Servs., Inc. v. Harris*
  No. EDCV 15-1934-GHK, 2016 WL 6693152 (C.D. Cal. Mar. 31,
  2016) (King, C. J.) ........................................................................................ 9

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*
  656 F.3d 966 (9th Cir. 2011) ........................................................................ 12

*Schwartz v. Frito-Lay N. Am.*
  No. C-12-02740 (EDL), 2012 WL 8147135 (N.D. Cal. Sept. 12,
  2012) ......................................................................................................... 8, 9

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*
  56 F. Supp. 3d 1121, 1145 (C.D. Cal. 2014) ............................................. 11, 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

ii

DEFENDANTS' NOTICE OF
MOTION AND MOTION TO STAY

DB2/ 31949432.5

## <u>TABLE OF AUTHORITIES</u>
### (Continued)

**Page(s)**

*Wallerstein v. Dole Fresh Vegetables, Inc.*
    967 F. Supp. 2d 1289 (N.D. Cal. 2013)............................................................7, 8

*Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*
    42 F. Supp. 3d 1377, 1384 (S.D. Cal. 2014) ...................................................7, 9

**California Cases**

*S.G. Borello & Sons, Inc. v. DIR*
    48 Cal.3d 341 (1989) .......................................................................................11

**Other State Cases**

*Aliya Medcare Fin., LLC v. Nickell*
    No. CV 14-07806 MMM ....................................................................................2

*Del Rio et al. v. Uber Tech., Inc. et al.*
    Case No. 3:15-cv-03667-EMC..............................................................*passim*

*Dulberg v. Uber Tech., Inc.*
    Case No. 3:17-cv-00850-WHA, Feb. 21, 2017.............................................*passim*

*Futurewei Techs., Inc. v. Acacia Research Corp.*
    No. SACV 12-0511 ............................................................................................7

*Manier v. L'Oreal USA, Inc.*
    No. 2:16-CV-06886-ODW-KS, 2017 WL 59066 (C.D. Cal. Jan. 4,
    2017) ...................................................................................................................8

*O'Connor et al. v. Uber Tech., Inc. et al.*
    Case No. 3:13-cv-03826-EMC..............................................................*passim*

**California Statutes**

California Labor Code
    Section 204 .......................................................................................................11

**Other Authorities**

Federal Rule of Civil Procedure
    Rule 12(b)(6) ......................................................................................................1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 31949432.5

iii

DEFENDANTS' NOTICE OF
MOTION AND MOTION TO STAY

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the first-to-file rule and the *Colorado River* abstention doctrine, Uber Technologies, Inc. ("Uber Technologies"), Rasier, LLC ("Rasier"), and Rasier-CA, LLC ("Rasier-CA") (collectively "Uber" or "Defendants") move to stay each cause of action alleged by Plaintiff Sophano Van ("Plaintiff") in his Second Amended Complaint:

## I.   INTRODUCTION

Plaintiff's complaint presents two central questions: (1) whether Uber, following the implementation of its Upfront Pricing model, breached the agreement between it and Plaintiff by continuing to base driver earnings on a post-trip Fare Calculation independent of the rider price shown to Users at the beginning of a trip; and (2) whether drivers are employees of Uber for purposes of the Labor Code, such that Uber is not paying drivers sufficient wages.  The short answer to these questions is NO.[1]

But the Court need not answer either question because numerous other courts are grappling with these very same issues in previously-filed suits pending throughout California.  As discussed in greater detail, under both the first-to-file doctrine and the *Colorado River* abstention doctrine, this Court should stay Plaintiff's claims in favor of the other previously-filed actions in order to promote "economy, consistency, and comity."  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).  In particular, the first-filed *Dulberg* case provides a complete basis to stay all claims, and multiple, long-pending labor lawsuits independently support the same for the Labor Code claim and PAGA allegations.

---

[1]   Concurrently with this Motion, Uber has filed a Motion to Dismiss all of Plaintiff's causes of action alleged in his SAC under Federal Rule of Civil Procedure 12(b)(6).  Uber respectfully requests that this Court first decide whether to stay this case under the "first-to-file" or "*Colorado River*" doctrines.  If the Court is not inclined to stay the case on these grounds, Uber requests that this Court then consider Uber's motion to dismiss.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

1

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO STAY

This lawsuit brings nothing new to the table.  Rather than waste judicial resources, this Court should reject Plaintiff's transparent attempt to repackage the claims and allegations first raised by others, on behalf of the same putative classes (including Plaintiff), against the same defendants.

## II.   PLAINTIFF'S ALLEGATIONS

### A.   The Parties

Plaintiff alleges that he uses Uber's software application (the "Uber App") to receive User requests for rides that he provides as an independent transportation provider ("Driver").  SAC at ¶ 5.  He alleges that Uber Technologies, Rasier, and Rasier-CA are discrete businesses (*Id*. at ¶¶ 7-11), yet he lazily lumps them together, referring to them as "the Uber Defendants" throughout the Complaint.  *Id*. at *passim*.

### B.   The Technology Services Agreement

Although Plaintiff does not specifically allege the contract that governs his relationship with Uber, he does allege that, in or around December 2015, the Uber Defendants presented and required Drivers to accept the terms of Uber's "Technology Services Agreement."  SAC at ¶¶ 24−25.

Any ridesharing Driver like Plaintiff who wishes to access the uberX product to connect with Users must first enter into the Rasier Technology Services Agreement December 11, 2015 (the "Agreement"), with Rasier-CA, LLC if the Driver's territory is in the state of California.  *See* Declaration of Nicholas Frontera in Support of Motion to Dismiss ("Frontera Decl."), Exh. 1, at 1.[2]  Plaintiff does not

---

[2]   Plaintiff relies on "representations" made in the Agreement and appears to base his breach of contract claim on the document.  As a result, the Court may take judicial notice of it.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) ("[A] district court on a motion to dismiss[, however,] may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."); *Aliya Medcare Fin., LLC v. Nickell*, No. CV 14-07806 MMM (Ex), 2015 WL 4163088, at *10 (C.D. Cal. July 9, 2015) (considering agreements proffered by the defendant because they

2

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO STAY

allege that he accepted the terms of the Agreement, when he began driving with Uber, or whether he continues to drive with Uber.  For purposes of this Motion, however, Uber will assume that Plaintiff's references to a contract refer to the Rasier Technology Services Agreement December 11, 2015.[3]

Paragraph 4.1 of the Agreement sets forth the payments that Drivers receive for providing rides requested by Users via the Uber Application.  Specifically, Drivers are entitled to charge a "Fare" for "each instance of completed Transportation services."  Frontera Decl., Exh. 1 at ¶ 4.1.  The Driver's Fare, based on the "Fare Calculation," is calculated by adding a base amount, plus "distance (as determined by Company using location-based services enabled through the Device) and /or time amounts, as detailed at www.uber.com/cities."  *Id.*  The Driver then pays Uber a service fee, which is a percentage of the Fare earned by the Driver.  *Id.* at ¶ 4.4.  The Agreement emphasizes that "the Fare provided under the Fare Calculation (less the applicable service fee) is the only payment you [i.e., the Driver] will receive in connection with the Transportation Services."  *Id.* at ¶ 4.1.  Drivers disclaim any right to receive any amounts *over and above* the Fare produced by the Fare Calculation.  *See id.* at ¶¶ 4.1, 4.7.  Plaintiff merely appoints Uber as a limited payment collection agent for certain specified amounts: the Fare, tolls, and other taxes and fees.  *See id.* at ¶ 4.1.  Uber does not collect or remit to Plaintiff additional amounts related to promotional activity.  *Id.* at ¶ 4.7.

## C.    The Upfront Price Model

Plaintiff alleges that, sometime between June and September 2016, Uber implemented an "Upfront Pricing" model, which calculates a User's total payment

---

were essential to plaintiff's claims and authenticity of the agreements was not disputed).

[3]   As discussed in Uber's motion to dismiss, Uber implemented an "Addendum" to the Agreement on May 22, 2017.  Because Plaintiff filed his initial complaint prior to that date, and because he has not specified the contract on which he relies for his claims, Uber will assume for purposes of this motion that Plaintiff's claims are premised on the December 11, 2015 Agreement.  All reference herein to the contract will refer to that Agreement.

1    for a requested ride *before* a driver provides transportation services.  SAC at ¶ 26.

2    Plaintiff further alleges that, after Upfront Pricing began, Drivers continued to earn

3    based on the trip's distance and the amount of time it actually took to complete the

4    trip.  *See id.* at ¶¶ 26-28, 31.

5          **D.    Plaintiff's Claims**

6          Plaintiff alleges claims for breach of contract, conversion, fraudulent

7    concealment, violation of the Unfair Competition Law, violation of the Labor Code,

8    and PAGA penalties.  *See* SAC at ¶¶ 51-114.  The thrust of Plaintiff's breach of

9    contract, conversion, fraudulent concealment, and violation of the Unfair

10   Competition Law claims (collectively, "the Upfront Pricing claims") is that Uber

11   breached the Agreement by basing his earnings on the actual distance and time it

12   took to complete a ride rather than the Upfront Price that an Uber User pays.  *See*

13   SAC at ¶¶ 31, 52-56.  According to Plaintiff, by not using the Upfront Price to

14   calculate his Fare, Uber breached a contract (*Id.* at ¶¶ 52-56); converted funds that

15   Plaintiff was entitled to under the Agreement (*Id.* at ¶¶ 59-62); made

16   misrepresentation and fraudulently concealed material facts (*see id.* at ¶¶ 64, 74)

17   and committed unlawful, unfair, and fraudulent business practices under the UCL

18   (*Id.* at ¶¶ 91-93).  Plaintiff also alleges in conclusory fashion that the Upfront

19   Pricing algorithm uses a longer route to calculate a User's payment than the route

20   provided by navigational software Uber makes available to Drivers.  *Id.* at ¶¶ 79,

21   82.

22         Plaintiff's claim for violations of the Labor Code is premised upon the same

23   factual allegations as his Upfront Pricing claims, i.e., that Uber improperly paid

24   Drivers by basing the Fare on a base amount plus time and distance rather than on

25   the Upfront Price.   *Id.* at ¶¶ 102-103.  But in order to prevail on that claim, Plaintiff

26   must also prove that Uber improperly "misclassified Plaintiff and Class Members

27   as independent contractors when they are employees."  *Id.* at ¶ 99.  Plaintiff also

28   seeks PAGA penalties on behalf of all aggrieved employees for these alleged

violations of the Labor Code.  *Id*. at ¶¶ 108-14.

### E.    The Related Cases

#### 1.    The First-Filed Upfront Pricing Suit

Plaintiff is not the first Driver to sue Uber based on the implementation of its Upfront Pricing model.  On February 21, 2017, Martin Dulberg filed a putative class action in the Northern District of California on behalf of a nationwide class of Drivers.  Frontera Decl., Exh. 2, (Dulberg's Complaint, filed 2/21/17) at ¶ 26.  Like the Plaintiff in this later-filed case, Dulberg alleged that Uber breached the terms of the Agreement, following the implementation of its Upfront Pricing model, by continuing to base Driver earnings on the base fare plus time and distance of the actual trip rather than on the pre-trip, Upfront Price shown to a User when requesting a ride.  *Id*. at ¶¶ 36-43.  Judge Alsup has already ruled on Uber's motion to dismiss and the parties are engaging in discovery.  *See* Frontera Decl., Exh. 3, (Order on Motion to Dismiss and Scheduling Order).

#### 2.    *O'Connor, Price, Del Rio* and the Many Misclassification Suits

Plaintiff is also not the first Driver to sue Uber for misclassification and unpaid wages under the California Labor Code.  One of the first misclassification suits, *O'Connor et al. v. Uber Tech., Inc. et al*., Case No. 3:13-cv-03826-EMC, August 16, 2013 (Dkt. No. 1), was filed ***over four years ago***.  The plaintiffs in *O'Connor* also alleged claims for violations of the Labor Code.  *See* Frontera Decl., Exh. 4 (the O'Connor Plaintiff's Second Amended Complaint) at ¶ 35.  Although *O'Connor* is stayed pending a coordinated appeal at the Ninth Circuit concerning arbitration enforcement and class certification issues, if and when it comes back down from the Ninth Circuit, the *O'Connor* court will need to decide the very same key issue that the Court will need to adjudicate in connection with Plaintiff's claim for violations of the Labor Code: whether Drivers were correctly classified as

1    independent contractors rather than employees.

2         A similar action, *Price v. Uber Technologies, Inc.*, Los Angeles Superior

3    Court case no. BC554512 ("*Price*" or "the *Price* action"), was filed nearly **three**

4    **years ago**.  *See* Frontera Decl., Exh. 5, (*Price* Complaint).  In his complaint, Price

5    asserted class action claims challenging Uber's "uniform policy of willfully

6    misclassifying its drivers as independent contractors, when in fact each such driver

7    is and/or was an employee of Uber."  *Id*. at ¶ 2; *see also id.* at ¶¶ 54-162.   *Price* has

8    settled and the parties have fully briefed a motion to approve a settlement that

9    would resolve and release the drivers' PAGA claims for the representative class,

10   including Plaintiff's.  All that is left is the court's approval.

11        Several other cases have been stayed pending the potential settlement in

12   *Price* and in light of *O'Connor*.  One such case is the *Del Rio* action pending before

13   Judge Chen in the Northern District.  *See* Frontera Decl., Exh. 6, Minute Entry

14   granting motion to stay, *Del Rio et al. v. Uber Tech., Inc. et al.*, Case No. 3:15-cv-

15   03667-EMC, June 3, 2016 (Dkt. No. 98).  That case, which was filed in 2015, is

16   also a class action alleging Labor Code violations, UCL claims, and a PAGA claim.

17   *See* Frontera Decl., Exh. 7 at ¶¶ 46-96, (Second Amended Class Action Complaint),

18   *Del Rio et al. v. Uber Tech., Inc. et al.*, Case No. 3:15-cv-03667-EMC, April 27,

19   2016 (Dkt. No. 85).  Likewise, several state courts have also stayed similar cases

20   involving Labor Code and PAGA allegations pending the outcome in *Price* or

21   *O'Connor*.[4]

22   ────────────────

23   [4]   *See* Frontera Decl., Exh. 8 at 134, "Order Granting Stay" filed June 19, 2017 in
     *Abuzahra, et al., v. Uber Technologies, Inc., et al.* (San Francisco Superior Court

24   Case No. CGC-17-557571) ("A case litigating the same misclassification issue is
     already well-advanced in federal court as a certified class action [*O'Connor*]. And a

25   finding that plaintiffs were misclassified as independent contractors is a predicate to
     their Labor Code claims"); *see also Tabola v. Uber Technologies Inc. et al.* (San

26   Francisco Superior Court Case No. GCG 16-550992); *Colopy v. Uber
     Technologies, Inc.* (San Francisco Superior Court Case No. CGC-16-549696);

27   *Rowe v. Rasier-CA, LLC* (Los Angeles Superior Court Case No. NC060982);
     *Sherman v. Uber Technologies, Inc. et al.* (Los Angeles Superior Court Case

28   No. BC656880).

## III. __ARGUMENT__

The Court should stay this case because it is virtually identical to and completely subsumed by multiple previously-filed class actions. The first-to-file rule allows the Court to stay Plaintiff's claims because the *Dulberg* action was filed first, contains the same parties, and involves substantially similar allegations as this action. *Dulberg* alone provides a complete basis to stay all claims in this action. But there is a second hurdle: the first-to-file rule *also bars* Plaintiff's Labor Code claims and PAGA allegations because the *O'Connor* and *Del Rio* actions were filed first and are still pending. The *Colorado River* abstention doctrine also permits the Court to stay the Labor Code claims, pending settlement in the *Price* action.

### A. __The Court Should Stay Plaintiff's Claims Based On *Dulberg*.__

The first-to-file rule is a doctrine that "permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "The first-to-file rule is intended to 'serve[] the purpose of promoting efficiency and should not be disregarded lightly…. When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'" *Kohn Law Grp., Inc.*, 787 F.3d at 1240 (citations omitted). Under the doctrine, the Court may dismiss a case or stay it pending the outcome of the first filed suit. *Id.* at 1239.[5]

Courts consider three factors in determining whether the first-to-file rule applies: "(1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F.

---

[5] *See also, Futurewei Techs., Inc. v. Acacia Research Corp.*, No. SACV 12-0511 AG (JPRx), 2012 WL 12905300, at *5 (C.D. Cal. Oct. 22, 2012), *aff'd*, 737 F.3d 704 (Fed. Cir. 2013) ("Because the Court finds no benefit in transferring or staying the patent claims, the Court dismisses those claims."); *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc.*, 42 F. Supp. 3d 1377, 1384 (S.D. Cal. 2014) (staying action in favor of Florida litigation with pending motion to dismiss involving the similar issues).

Supp. 2d 1289, 1293 (N.D. Cal. 2013) (citations omitted). The first factor is met because there is no dispute that *Dulberg* was filed before this case.[6] As discussed below, the last two factors are also met.

### 1. The *Dulberg* Nationwide Class Action Completely Subsumes Plaintiff's Claims Asserted On Behalf of a California Class of Drivers.

In determining whether "the same parties" are involved for purposes of applying the first-filed rule in dual class actions, courts compare the putative classes. *Manier v. L'Oreal USA, Inc.*, No. 2:16-CV-06886-ODW-KS, 2017 WL 59066, at *3 (C.D. Cal. Jan. 4, 2017) (holding that the putative classes were substantially similar because "the proposed classes in both actions overlap"); *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (same); *Wallerstein*, 967 F. Supp. 2d at 1295 (same). "Where the proposed classes in both actions overlap, courts have held that the parties are substantially similar." *Manier*, 2017 WL 59066, at *3 (citing *Adoma*, 711 F. Supp. 2d at 1148). The "same parties" factor is also satisfied where the putative class in the earlier filed case would include the named plaintiff in this case. *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 (EDL), 2012 WL 8147135, at *3 (N.D. Cal. Sept. 12, 2012).

Here, the "same parties" factor is met because the proposed class in this case overlaps with and is subsumed by the *Dulberg* putative class. The *Dulberg* class is comprised of "all natural persons nationwide who have worked or who continue to work as a driver for Uber…" during the Upfront Pricing period and who "opted out of arbitration." Frontera Decl., Exh. 2 at ¶ 26. Here, Plaintiff's class includes "all Uber drivers … who have worked for Uber in California." SAC at ¶ 40. The nationwide class naturally includes any Drivers who drove in California.[7] Further,

---

[6]  *Compare* Frontera Decl., Exh. 2, *Dulberg v. Uber Tech., Inc.*, Case No. 3:17-cv-00850-WHA, Feb. 21, 2017 (Dkt. No. 1) *with* Dkt. No. 1 of this action (dated April 3, 2017).

[7]  It makes no difference that the *Dulberg* class is limited to Drivers who opted out of arbitration while Plaintiff's class is not. If a Driver did not opt out of arbitration, she would not be able to participate in either class action.

8                    DEFENDANTS' NOTICE OF MOTION
AND MOTION TO STAY

the parties are also the same because the named plaintiff in this case is a member of the putative *Dulberg* class. *Schwartz*, 2012 WL 8147135, at *3. The parties in *Dulberg* and this case are substantially similar.

### 2. The Claims in *Dulberg* Are Substantially Similar to the Claims Alleged Here.

The claims in both this case and *Dulberg* are also substantially similar. "The issues in both cases need not be identical, only substantially similar." *Kohn Law Grp.*, 787 F.3d at 1240–41 (citations omitted); *Youngevity Int'l, Inc.*, 42 F. Supp. 3d at 1383 ("The first-to-file rule does not require strict identity of issues or 'exact parallelism,' but rather requires substantial similarity or overlap of the claims and issues." (citations omitted)). Indeed, "[t]he rule can apply even if the later-filed action brings additional claims." *Schwartz*, 2012 WL 8147135, at *3 (finding the issues to be the same and stating that while "Plaintiff's complaint ha[d] a few additional claims" including fraudulent concealment, "these claims were closely related to the main claims in both cases"); *see also Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 960 (N.D. Cal. 2008) (issues were sufficiently similar even though one case alleged an additional UCL claim that the first-filed action did not)."[8]

The claims asserted in *Dulberg* and the Upfront Pricing Claims asserted in this case are substantially similar. The breach of contract claims in both cases are premised on the allegation that, since the implementation of Upfront Pricing, Uber has failed to pay Drivers the full amounts to which they are entitled under the Agreement. *Compare* Frontera Decl., Exh. 2 at ¶¶ 36-43 *with* SAC at ¶¶ 52-56.

---

[8] *See also, Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1099 (N.D. Cal. 2006) (contract action was same even though provider had asserted additional fraud claim not raised in the first); *Prime Healthcare Servs., Inc. v. Harris*, No. EDCV 15-1934-GHK (DTBx), 2016 WL 6693152, at *6 (C.D. Cal. Mar. 31, 2016) (King, C. J.) (transferring a case to another case because the later-filed case was "an outgrowth of the activities of the purported conspiracies" of the earlier-filed cases).

Further, Plaintiff's conversion, fraudulent concealment, and UCL claims are derivative of the contract claim and are dependent on Plaintiff's interpretation of the Agreement. *See* SAC at ¶ 59 (alleging Uber converted funds "in excess of ***the agreed upon*** percentage of the fare"); *see id*. at ¶¶ 73-74 (referring to alleged representations made by Defendants that mirror provisions of the Agreement); *see id*. at ¶ 91(claiming Uber took amounts in excess of what was permitted). Finally, Plaintiff's Labor Code Claims and PAGA allegations arise from a claim that the amounts he was to be remitted were "wages" but are still premised on the same alleged contractual duty. *Id*. at ¶¶ 102-103. Because the three factors weigh heavily in favor of the application of the first-to-file rule, the Court should stay all of the Plaintiff's claims due to *Dulberg*. Doing so will further the purpose of the rule and avoid duplicative, wasteful, concurrent litigation and potentially inconsistent rulings.

### B. Under the First-to-File Rule, the Court Should Stay the Labor Code Claims and PAGA allegations Based On *O'Connor* and *Del Rio*.

The first-to-file rule also requires a stay of the Labor Code Claims and PAGA allegations because of the pending *O'Connor* and *Del Rio* cases. *First*, both the *O'Connor* and *Del Rio* cases were filed first. *O'Connor* was filed in 2013 and *Del Rio* was filed in 2015.

*Second*, the parties are the same. The plaintiffs in all three cases seek to represent overlapping classes. Plaintiff here seeks to represent "all Uber drivers … who have worked for Uber in California." SAC at ¶ 40. In *O'Connor*, the class is comprised of: "All UberBlack, UberX, and UberSUV drivers who have driven for Uber in the state of California at any time since August 16, 2009, and meet all the following requirements: (1) who signed up to drive directly with Uber or an Uber subsidiary under their individual name, and (2) are/were paid by Uber or an Uber subsidiary directly and in their individual name, and (3) electronically accepted any contract with Uber or one of Uber's subsidiaries which contain the notice and opt-

1   out provisions previously ordered by this Court, and did not timely opt out of that

2   contract's arbitration agreement."  *O'Connor v. Uber Techs., Inc.*, 311 F.R.D. 547,

3   568 (N.D. Cal. 2015).  And in *Del Rio*, the plaintiffs seek to represent a class

4   comprised of "All Uber Drivers … who have driven for Uber, an Uber 'User' or

5   Passenger… in California during the Liability Period of August 11, 2011 to the

6   filing of this Complaint and continuing."  Frontera Decl., Exh. 5 at ¶ 43.

7        *Third*, the issues are substantially similar and overlap.  All three actions'

8   Labor Code Claims and PAGA allegations are wholly dependent on the threshold

9   issue of whether the plaintiffs are employees.[9]

10       The benefits of "economy, consistency, and comity" also weigh in favor of

11   dismissing or staying this case.  It would be a waste of judicial resources to have

12   multiple courts adjudicating substantially similar if not identical issues.  Further,

13   these courts could render different and perhaps inconsistent rulings, generating

14   confusion among Drivers and potential class members.  The relevant factors and

15   practical considerations warrant a stay of Plaintiff's Labor Code claims and PAGA

16   allegations due to the *O'Connor* and *Del Rio* cases.

### C.   Under the *Colorado River* Abstention Doctrine, the Court Should Stay the Labor Code Claims and PAGA Allegations.

17
18       The Court should also stay the Labor Code claims and PAGA allegations

19   under the *Colorado River* abstention doctrine.  Under the doctrine, the Court may

20   stay claims due to "considerations of wise judicial administration, giving regard to

21   conservation of judicial resources and comprehensive disposition of litigation"

22   where there is pending, substantially similar state court litigation.  *See*

23   *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 56 F. Supp. 3d 1121, 1145 (C.D. Cal.

24
25   _____

26   [9]   Cal. Lab. Code § 204 ("wages … earned by any person in any employment");
     *S.G. Borello & Sons, Inc. v. DIR*, 48 Cal.3d 341, 349 (1989) (construing Worker's

27   Compensation Act, California Labor Code section 3600 *et seq.*) ("Employee[s]
     include most persons in the service of an employer under any … contract of hire,

28   but do not include independent contractors." (internal quotations and citations
     omitted)).

DEFENDANTS' NOTICE OF MOTION
AND MOTION TO STAY

2014) (citing *Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1032–33 (9th Cir. 2005)).

The Court considers eight factors in determining whether such a stay is proper, including "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *ScripsAmerica, Inc.*, 56 F. Supp. 3d at 1145−46. The relevant factors (factors 3, 4, 5, 6, and 8)[10] weigh in favor of staying this case in favor of the several others that were filed first.

### 1.   Staying the Case Will Help Avoid Unnecessary Duplicative, Piecemeal Litigation.

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Montanore Minerals Corp. v. Bakie*, No. 15-35707, 2017 WL 3497455, at *5 (9th Cir. Aug. 16, 2017); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). If the Court does not stay this case, Uber will be required to engage in motion practice and discovery on the same misclassification and failure to pay wages claim in yet another case, even as the *Price* court evaluates approving the settlement. If the Court does not stay this case, it will be forced to consider the same issue that numerous other state and federal courts are grappling with—

---

[10]   The first two factors are irrelevant because there is no specific property involved, and both this Court and the *Price* court (LA Superior) are located in Los Angeles. *See R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 979 (9th Cir. 2011). Likewise, forum shopping does not appear to be an issue. The Court need not consider any of these irrelevant factors. *Krieger v. Atheros Commc'ns, Inc.*, 776 F. Supp. 2d 1053, 1061 (N.D. Cal. 2011) (weighing the four relevant factors and staying the state law claims).

1  duplicating efforts, wasting resources, and potentially producing different results.

2  This factor weighs heavily in favor of staying the case.

3        **2.    The *Price* Court and Others Obtained Jurisdiction First and Have Progressed Further.**

4

5        This case is in its infancy and should be stayed in favor of the more mature

6  *Price*.  The *Price* case has been pending since 2014 and is on the verge of

7  settlement.  Thus, *Price* obtained jurisdiction first and has progressed much further

8  than this case.  This Court should stay the claims pending the resolution of *Price*

9  and other state court cases[11] that were filed earlier and have progressed further.

10  *Montanore Minerals Corp.*, 2017 WL 3497455, at *8 (finding the factor strongly

11  weighed in favor of abstention where the state court had jurisdiction for several

12  years and made substantial progress by the time the federal suit was filed).

13        **3.    The State Courts Can Interpret the State Law Issue and Protect the Litigants' Rights.**

14

15        The issue of whether Drivers are employees under the California Labor Code

16  is a California state law issue that can be decided by the state court, which can

17  adequately protect Plaintiff's rights.  Where there is no federal claim involved, state

18  courts are more than adequate to decide them.  *See, e.g., Krieger*, 776 F. Supp. 2d at

19  1063 (staying Delaware state law claims because the Delaware law provided a rule

20  of decision and the Delaware state court could protect the federal litigant's rights

21  via the state court action); *Montanore Minerals Corp.*, 2017 WL 3497455, at *8

22  (factors weighed in favor of stay because state law provided a rule of decision, the

23  case presented complex state law questions better addressed by the state court, and

24  the state court could adequately protect federal rights at issue).  Notably, in issuing

25  an order staying a decision as to whether the *O'Connor* plaintiffs could amend their

26  complaint to add a PAGA claim, Judge Chen noted that "issues of federal-state

27  comity counsel against interfering with a state court's resolution of what is, after all

28  ───────────────
[11]  *See* fn. 4, *supra*.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY

a state law issue." Frontera Decl., Exh. 9 at 137.

**4.  All Issues Presented By Plaintiff's Complaint Can Be Addressed in *Dulberg, O'Connor, Del Rio*, and the State Court Actions.**

Finally, all of the issues presented by Plaintiff's Complaint can be addressed in the various pending cases that were all filed prior to Plaintiff's.  The Upfront Pricing Claims will be addressed in *Dulberg* and, to the extent the Labor Code Claims and PAGA allegations are not fully resolved by *Dulberg*, they will be addressed in *O'Connor, Del Rio*, and *Price*.  Once those cases are resolved or adjudicated, there will be nothing left for this Court to decide.

## IV.  CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court grant their motion to stay all claims until final judgment is issued in the *Dulberg* action.  In the alternative, Defendants respectfully request that this Court dismiss or stay the Labor Code claim and PAGA allegations until final judgment is issued in the *O'Connor*, *Del Rio*, and *Price* actions.

Dated:  September 14, 2017        MORGAN, LEWIS & BOCKIUS LLP
Molly M. Lane
Jason S. Mills
Joseph V. Marra III
Nicholas E. Frontera


By  /s/ *Nicholas E. Frontera*

Attorneys for Defendant
RASIER, LLC, RASIER-CA, LLC and
UBER TECHNOLOGIES, INC.